**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

WILLIE JOHNSON, §
　 §
　*Plaintiff,* §
　 §
v. § CIVIL ACTION H-16-262
　 §
CAMERON INTERNATIONAL CORPORATION, §
　 §
　*Defendant.* §

## MEMORANDUM OPINION & ORDER

Pending before the court are (1) plaintiff Cameron International Corporation's ("Cameron") motion for summary judgment (Dkt. 14), and (2) Cameron's objections to plaintiff Willie Johnson's summary judgment evidence (Dkt. 17). Having reviewed the motion, objections, responses, reply, the record evidence, and applicable law, the court finds that (1) Cameron's motion for summary judgment (Dkt. 14) should be GRANTED, and (2) Cameron's objections (Dkt. 17) should be OVERRULED IN PART and SUSTAINED IN PART.

### I. BACKGROUND

This case is about alleged overtime pay under the Fair Labor and Standards Act ("FLSA"). Dkt. 1. Cameron hired Johnson as a human resources recruiter on a temporary contract between September 3, 2013 and November 21, 2014. Dkt. 14, Ex. J (Cummings Dec.) at 2; Dkt. 15-1 (Johnson Dec.). Cameron classified Johnson as a non-exempt employee and paid Johnson on an hourly basis through October 20, 2014, and then converted him to salaried status. Dkt. 14, Ex. J.

When Johnson was hired, his offer letter from Cameron stated that "[n]o overtime is allowed." Dkt. 14, Ex. D. Despite this, Johnson claims that he worked overtime seven days a week and frequently worked more than twelve hours per day. Dkt. 14, Ex. A (Johnson Dep.) at 23.

Johnson claims that he reported eight hours of work per day to Cameron because of the prohibition in his offer letter. *Id*. Johnson did not keep records of the overtime hours that he worked. *Id*. at 39–40. However, Johnson claims that he exchanged e-mails and telephone calls with his supervisor, Digna Tarver, after normal business hours. *Id.* at 61; Dkt. 15-2.

Cameron has an official overtime policy in its employee handbook. Dkt. 14, Ex. C (Reed Dep.) at 45–46. The policy requires employees to properly record and report their hours, including overtime hours. Dkt. 14, Exs. E, F. Johnson claims that he was never provided with Cameron's employee handbook or timekeeping procedures. Dkt. 14, Ex. A at 29–30.[1] However, Johnson reported overtime hours on six occasions. Dkt. 14, Ex. A at 43–50, Ex. I (time records) at 3–5, Ex. G (pay stubs) at 7, 12, 14, 17, 25, 27.

On February 1, 2016, Johnson filed suit against Cameron asserting a violation of the FLSA overtime provision and seeking unpaid wages, expenses, attorneys' fees, and costs. Dkt. 1 at 4 (citing 29 U.S.C. §§ 207, 216(b)). On March 8, 2016, Cameron answered. On December 2, 2016, Cameron filed a motion for summary judgment. Dkt. 14. Johnson responded, and Cameron replied. Dkts. 15, 16. On December 28, 2016, Cameron filed objections to Johnson's summary judgment evidence. Dkt. 17. Johnson responded. Dkt. 18. On April 26, 2017, the parties notified the court that they reached a settlement and filed a conditional motion of dismissal. Dkt. 22. However, on June 14, 2017 the parties filed a motion to reopen the case and the court reinstated the pending motions. Dkt. 24.

---

[1] Johnson testified that he "may have glimpsed" an employee handbook but that he was never instructed on any company policies regarding timekeeping. Dkt. 14, Ex. A at 28–30.

## II. LEGAL STANDARDS

### A.    Summary Judgment

A court shall grant summary judgment when a "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[A] fact is genuinely in dispute only if a reasonable jury could return a verdict for the nonmoving party." *Fordoche, Inc. v. Texaco, Inc.*, 463 F.3d 388, 392 (5th Cir. 2006). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548 (1986). If the moving party meets its burden, the burden shifts to the non-moving party to set forth specific facts showing a genuine issue for trial. Fed. R. Civ. P. 56(e). The court must view the evidence in the light most favorable to the non-movant and draw all justifiable inferences in favor of the non-movant. *Envtl. Conservation Org. v. City of Dall., Tex.*, 529 F.3d 519, 524 (5th Cir. 2008).

### B.    FLSA

The FLSA provides that "no employer shall employ any of his employees . . . for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1). "An employer who is armed with [knowledge that an employee is working overtime] cannot stand idly by and allow an employee to perform overtime work without proper compensation, even if the employee does not make a claim for the overtime compensation." *Harvill v. Westward Commc'ns, L.L.C.*, 433 F.3d 428, 441 (5th Cir. 2005). However, if the "'employee fails to notify the employer or deliberately prevents the employer from acquiring knowledge of the overtime work, the employer's failure to pay for the overtime hours is

not a violation of [FLSA].'" *Id*. (quoting *Newton v. City of Henderson*, 47 F.3d 746, 748 (5th Cir. 1995)).

"An employee bringing an action for unpaid overtime compensation must first demonstrate by a preponderance of the evidence: (1) that there existed an employer-employee relationship during the unpaid overtime periods claimed; (2) that the employee engaged in activities within the coverage of the FLSA; (3) that the employer violated the FLSA's overtime wage requirements; and (4) the amount of overtime compensation due." *Johnson v. Heckmann Water Res. (CVR), Inc.*, 758 F.3d 627, 630 (5th Cir. 2014).

## II. ANALYSIS

### A. Objections

#### 1. Tarver's Knowledge of Johnson Working Overtime

Cameron objects to Johnson's statements in his affidavit that his supervisor, Tarver, witnessed him working over lunch and that she knew Johnson's reported hours were not accurate because "she knew that [he] had been communicating with her via email and telephone after hours." Dkt. 17 at 2 (citing Dkt. 15, Ex. 1 (Johnson Dec.)). Cameron argues that these statements contradict Johnson's deposition testimony in which he testified that he did not report off-the-clock hours to anyone at Cameron. Dkt. 17 at 2 (citing (Dkt 14, Ex. A (Johnson Dep.) at 7–8, 16, 61–62, 64–65, 70–71). Cameron also objects to these statements as conclusory, unspecific, unsubstantiated, and lacking foundation and facts to show personal knowledge. Dkt. 17 at 5 (citing Dkt. 15, Ex. 1). Additionally, Cameron objects to the related statement in Johnson's affidavit that Tarver knew his time sheet was not accurate because she received after-hours communication on the same grounds. Dkt. 17 at 6 (citing Dkt. 15, Ex. 1).

First, the court will address Cameron's objection that Johnson's affidavit contradicts his deposition testimony. Under the sham affidavit rule, a party may not "'manufacture a dispute of fact merely to defeat a motion for summary judgment'" by providing an affidavit th at contradicts prior testimony. *Axxiom Mfg., Inc. v. McCoy Invs., Inc.*, 846 F. Supp. 2d 732, 749 (S.D. Tex. 2012) (Rosenthal, J.) (quoting *EBC, Inc. v. Clark Bldg. Sys. Inc.*, 618 F.3d 253, 269 (3d Cir. 2010)). The court must determine if there are sufficient reasons given for the change in testimony, if the proposed change in testimony reflects the original testimony, and whether "'other circumstances satisfy the court that amendment should be permitted.'" *Id.* at 750 (quoting *EBC, Inc.*, 618 F.3d at 270). Courts must apply the sham affidavit rule "'sparingly'" as it could have a "'harsh effect'" on a party's case. *Id.* (quoting *Latimer v. Roaring Toyz, Inc.*, 601 F.3d 1224, 1237 (11th Cir. 2010)).

Here, Johnson testified in his deposition that he sent e-mails to Tarver after-hours. Dkt. 14, Ex. A at 71–72. Likewise, Johnson testified in his deposition that he made telephone calls to Tarver after-hours. *Id.* at 12. The court finds no contradiction between the affidavit and the deposition with respect to Johnson's statement about e-mails and telephone calls. Neither party points to any portion of Johnson's deposition testimony where Johnson discussed Tarver witnessing him work during lunch, though Johnson did testify that he generally worked through lunch. *Id.* at 66. The court finds no contradiction between the affidavit and the deposition with respect to Johnson's statement regarding lunch breaks.

Next, with respect to Cameron's objections that this testimony in outside of Johnson's personal knowledge and lacks foundation, substantiation, and specificity, the court disagrees. Johnson sent the e-mails, made the telephone calls, and attests that he worked through lunch—these are all events that Johnson participated in and therefore he has personal knowledge which provides

the foundation and substantiation for his assertions. Dkt. 18 at 3–4. Johnson also provided the e-mails themselves to substantiate his statements. Dkt. 15-2.

To the extent that Cameron is objecting to Johnson's statements that he sent e-mails and made phone calls to Tarver after-hours and that Tarver witnessed him working through lunch, the objection is OVERRULED. However, to the extent that Cameron is objecting to Johnson's conclusory statements regarding Tarver's knowledge that Johnson was working overtime based on these events, the court will address that allegation in its substantive analysis.

**2. Previous Supervisor's Statements Regarding Overtime**

Cameron objects to a statement in Johnson's response brief that, while he was on a prior contract with Cameron, an unidentified supervisor told Johnson that Cameron would not pay overtime and that he was not to record more than forty hours per week. Dkt. 17 at 2 (citing Dkt. 15 at 2). Cameron objects that this statement is not supported with any summary judgment evidence. *Id.* Johnson only cites to his affidavit as evidence in support of his allegation. Dkt. 15 at 2 (citing Dkt. 15, Ex. 1). However, the affidavit does not contain a reference to a previous contract with Cameron nor a statement by the unidentified supervisor at all. Dkt. 15, Ex. 1. Further, Johnson does not respond to Cameron's objection. Dkt. 20. Under the Local Rules of the Southern District of Texas, "[f]ailure to respond will be taken as a representation of no opposition." S.D. Tex. Loc. R. 7.4. Cameron's objection is SUSTAINED.

**3. Offer Letter**

Cameron objects to Johnson's statement in his affidavit that "[t]he offer letter Cameron provided me stated that overtime was not permitted" due to lack of authentication, lack of foundation, and hearsay. Dkt. 17 at 4 (citing Dkt. 15, Ex. 1). Johnson interprets this objection as

an issue with his use of the word "permitted" instead of "allowed," which was the language in the offer letter. *Compare* Dkt. 14, Ex. D, *with* Dkt. 18 at 2. In this context, the court finds these meanings are interchangeable.

However, Cameron also appears to be objecting because Johnson's affidavit does not include the offer letter attached as evidence to the plaintiff's response brief. Dkt. 17 at 2. Because Johnson was the recipient of the offer letter, the court finds that he has sufficient personal knowledge to testify to his understanding of the letter's contents. Further, Johnson's understanding of the letter's contents are confirmed by the letter itself, which Cameron has submitted as summary judgment evidence for the court's consideration. Dkt. 14, Ex. D. Cameron's objection is OVERRULED.

### 4. Hours Worked and Recorded Hours

Cameron objects to Johnson's statement in his affidavit that he "worked an average of 60-65 hours per week while employed by Cameron," arguing that the statement is conclusory, speculative, unsubstantiated, and lacks foundation. Dkt. 17 at 4 (citing Dkt. 15, Ex. 1). The court need not address this objection, because the court does not rely on this statement in the dispositive analysis of Cameron's motion for summary judgment.

Cameron also argues that Johnson's statement that "[r]outinely, I simply recorded 8 hours per day because my offer letter informed me no overtime would be allowed" is self-serving, hearsay, and lacks authentication and foundation. Johnson responds that this statement is based on his own personal knowledge and state of mind. Dkt. 18 at 2. Merely claiming testimony is self-serving is not a reason to exclude it. *C.R. Pittman Const. Co. v. Nat'l Fire Ins. Co. of Hartford*, 453 F. App'x 439, 443 (5th Cir. 2011) ("A party's own testimony is often self-serving" (internal quotations

omitted)).  The court agrees with Johnson, this testimony reflects his state of mind.  Cameron's

objection is OVERRULED.

### 5.  E-mail Correspondence

Cameron objects to Johnson's use of e-mail correspondence with Tarver as summary

judgment evidence because the e-mails lack authentication and are hearsay.  Dkt. 17 at 6 (citing Dkt.

15, Ex. 2).

Under Federal Rule of Civil Procedure 56(c)(2), a "party may object that the material cited

to support or dispute a fact cannot be presented in a form that would be admissible in evidence."

Fed. R. Civ. P. 56(c)(2).  The comments to the Rule indicate that "the burden is on the proponent

to show that the material is admissible as presented or to explain the admissible form that is

anticipated."  Fed. R. Civ. P. 56, Advisory Comm. Notes, 2010 Amendment.  Under Rule 56(c)(4),

a "declaration used to support or oppose a motion must be made on personal knowledge, set out facts

that *would* be admissible in evidence, and show that the . . . declarant is competent to testify on the

matters stated."  Fed. R. Civ. P. 56(c)(4) (emphasis added).  Taken together, it is clear that these

rules allow evidence at the summary judgment stage that is not authenticated so long as there is no

question that the proponent will be able to prove that the evidence is what it purports to be at trial.

Under Rule 901(a), in order to properly authenticate an item of evidence, "the proponent must

produce evidence sufficient to support a finding that the item is what the proponent claims it is."

Fed. R. Evid. 901(a).  Cameron does not object that these e-mails are not actually what they purport

to be, only that Johnson has not laid the foundation and authenticated them at the summary judgment

stage.  Dkt. 17 at 4.

Federal Rule of Civil Procedure 56(c)(2) only requires that exhibits offered in support of summary judgment be admissible at trial. All the e-mails were produced by Cameron as part of discovery, so the court assumes that Cameron's witnesses will be able to authenticate them and that Johnson will be able to lay the proper foundation for them at trial.

As to the hearsay objection, under Rule 802, hearsay "is not admissible unless" a federal statute, the Federal Rules of Evidence, or other rules prescribed by the Supreme Court "provide[] otherwise." Fed. R. Evid. 802. In terms of hearsay, Johnson argues that the e-mails are either party opponent admissions or business records, and therefore are hearsay exceptions. Dkt. 18 at 4. It appears that Johnson uses these e-mails as evidence of the date and time they were sent, not for proving the truth of any matter contained in the contents of the emails. *See* Dkt. 15 at 6 (citing Dkt. 15-2). Therefore, the hearsay objection is not applicable because the e-mails are not offered for the truth of the matter asserted.

Cameron's objection is OVERRULED.

**6. Johnson's Exhibits 3 and 4**

Cameron objects to references to Exhibits 3 and 4 in Johnson's response brief because the exhibits were not attached to the brief. Dkt. 17 at 6 (citing Dkt. 15 at 8). Johnson explains that this is a typographical error, and that these citations refer to exhibits offered by Cameron as summary judgment evidence—Johnson's time sheets and time sheet approvals. Dkt. 18 at 5 (citing Dkt. 14, Exs. H, I).[2] The court will refer to the exhibits accordingly.

---

[2] Johnson actually continues to make a typographical error in his response and references Cameron's exhibits as part of Dkt. 15, when in actuality they are part of Dkt. 14. Dkt. 18 at 5.

In summary, Cameron's objection to the statement in Johnson's response about a previous unidentified Cameron supervisor prohibiting Johnson from reporting overtime is SUSTAINED. All of Cameron's remaining objections are OVERRULED.

**B.      Motion for Summary Judgment**

Cameron asserts that it is entitled to summary judgment on several different theories. Dkt. 14. The court, however, need only address Cameron's argument that Johnson failed to report overtime hours, because that issue is dispositive. Dkt. 14 at 8–13. To establish a prima facie case and recover for a FLSA violation, Johnson must establish that he was actually "employed" during the time for which he claims unpaid overtime. *Newton*, 47 F.3d at 748. An employer only violates FLSA if it "clearly suffered or permitted" an employee to work overtime without proper compensation. 29 C.F.R. § 785.11; *Harvill*, 433 F.3d at 441 (internal quotations omitted). "[I]f the 'employee fails to notify the employer or deliberately prevents the employer from acquiring knowledge of the overtime work, the employer's failure to pay for the overtime hours is not a violation of [the FLSA].'" *Newton*, 47 F.3d at 748 (quoting *Forrester v. Roth's I.G.A. Foodliner, Inc.*, 646 F.2d 413, 414 (9th Cir. 1981)). For the purpose of establishing his prima facie case, Johnson can only prove that he was "employed" if Cameron had actual or constructive knowledge that Johnson was working. *Id.*; *see also Harvill*, 433 F.3d at 441. The court will first address Johnson's failure to notify Cameron of his overtime, and then address whether Cameron had constructive knowledge that Johnson was working overtime.

**1. Overtime Reporting**

Cameron asserts that Johnson failed to notify Cameron that he was working overtime, and,

therefore, Cameron lacked actual knowledge that Johnson was working overtime.  Dkt. 14 at 9

(citing *Harvill*, 433 F. 3d at 441).

First, Cameron argues that Johnson had been informed not to work overtime.  *Id*.  Here,

Johnson's offer letter said "[n]o overtime will be allowed." Dkt. 14, Ex. D.  Further, Johnson admits

that he never asked a supervisor for permission to work overtime.  Dkt. 14, Ex. A at 17.

Second, Cameron argues that it had an official timekeeping policy, requiring its employees

to accurately report all time that they work including any overtime.  Dkt. 14, Exs. C (Reed Dep.) at

25–26, E, F.  Johnson argues that he did not know about the policy and therefore, the existence of

the policy is insufficient proof that he knew that he was expected to report overtime hours.  Dkt. 15

at 5 (citing Dkt. 14, Ex. A at 28–29).[3]  However, Johnson admitted that he knew it was a violation

of Cameron's policies to falsify timekeeping records.  Dkt. 14, Ex. A at 28–29.  Johnson testified

that he failed to follow this policy and that he deliberately did not report his overtime to Cameron.

*Id*. at 61–62.  Additionally, Johnson actually reported overtime hours on six occasions and was paid

for those hours.  Dkt. 14,  Ex. A at 43–50; Ex. I (time records) at 3–5, Ex. G (pay stubs) at 7, 12, 14,

17, 25, 27.  When viewed in the light most favorable to Johnson, the court accepts that Johnson may

not have been aware of the contents of Cameron's entire timekeeping policy.  But, Johnson was

admittedly aware of the existence of a policy requiring him to report his hours truthfully and that

there was a system in place in which he could report overtime.  The court finds that Johnson did not

---

[3] Johnson cites his deposition testimony at page 125 in support of this proposition.  *See* Dkt. 15 at 5.  However, Johnson did not attach deposition testimony to his response, but rather relies on the attachment provided by Cameron.  Cameron's attachment only contains pages 124 and 126. Dkt. 14 at 28–29.  However, these pages provide sufficient evidentiary support for Johnson's contention.

establish a dispute of material fact that he was unaware of his obligation to report overtime to Cameron.

Third, Cameron challenges Johnson's arguments that he was directed to work overtime and not report it. Here, Johnson argues that Cameron's offer letter stating that "[n]o overtime is allowed" functioned as an instruction not to report over time. Dkt. 15 at 5 (citing Dkt. 14, Ex. D). Johnson said he worked enough to do "whatever it took to get the job done," and did not report the hours because of the instruction in his offer letter. Dkt. 14, Ex. A at 9. However, this argument is contradicted by the fact that Johnson did actually report overtime on six occasions. Further, the Fifth Circuit held that a combination of an instruction not to work overtime and direction "to get the job done" does not establish that an employer implicitly approved or required overtime. *Fairchild v. All Am. Check Cashing, Inc.*, 815 F.3d 959, 965 (5th Cir. 2016).

Further, Johnson argues that Cameron provided him a home computer and telephone, which is evidence that Cameron required him to work overtime. Dkt. 15 at 7 (citing Dkt. 14, Ex. A). However, the record evidence does not support this argument.[4] Even if the record evidence did support this argument, the court does not find that providing home computing and communication equipment is sufficient to raise a dispute of material fact that Cameron must have known that overtime was required and required Johnson to work overtime without reporting it. *See, e.g.*, *Zivali v. AT&T Mobility, LLC*, 784 F. Supp. 2d 456, 468 (S.D.N.Y. 2011) (holding that off-duty work such as a short phone call or sending an e-mail on a Blackberry may be *de minimus* work that is not

---

[4] Here, Johnson cites to page 195 of his deposition testimony. Dkt. 15 at 7 (citing Dkt. 14, Ex. A). However, as the court has already noted, Johnson did not provide his own deposition testimony as evidence but rather cites to the version provided by Cameron. The copy of Johnson's deposition testimony provided by Cameron ended at page 191. Dkt. 14, Ex. A at 73.

covered by FLSA overtime provisions).  Therefore, the court finds that Johnson failed to establish

a dispute of material fact that Cameron required him to falsify the hours that he was reporting.

An employer has a "'right to require an employee to adhere to its procedures for claiming

overtime.'" *Nieddu v. Lifetime Fitness, Inc.*, 38 F. Supp. 3d 849, 855 (S.D. Tex. 2014) (Harmon,

J.) (quoting *Newton*, 47 F.3d at 749).  Here, Johnson did not adhere to Cameron's procedures and

did not establish a dispute of material fact that he did not know about the timekeeping procedures

or that he was either being instructed to work overtime without reporting it to Cameron.  Therefore,

the court concludes that Cameron did not have actual knowledge of Johnson's overtime.

### 2.  Constructive Knowledge

In lieu of actual knowledge, Johnson argues that Cameron had constructive knowledge of his

overtime work.  Dkt. 15 at 6–9. Constructive knowledge exists "if by 'exercising reasonable

diligence' an employer would become aware that an employee is working overtime." *Von Friewalde*

*v. Boeing Aerospace Operations, Inc.*, 339 F. App'x 448, 455 (5th Cir. 2009) (quoting *Brennan v.*

*Gen. Motors Acceptance Corp.*, 482 F.2d 825, 827 (5th Cir.1973)).

Here, Johnson argues that his supervisor, Tarver, should have noticed that he was working

overtime hours because she received after-hours communications from him and had witnessed him

working through lunch.  Dkt. 14, Ex. A at 41–42, 67–73.  Tarver testified that making such an

inference would be impossible because she did not require Johnson to perform after-hours work and

did not monitor how many hours a day that he was spending in the office. Dkt. 14, Ex B at 24–25.

Cameron argues that Tarver's receipt of e-mails cannot be evidence that Tarver knew

Cameron was working overtime, and argues that the *Fairchild* decision is directly applicable.

Dkt. 14 at 14 (citing *Fairchild*, 815 F.3d at 964).  In *Fairchild*, the Fifth Circuit held that a

company's access to computer usage records was not sufficient to prove constructive knowledge of

its employee's overtime work. *Fairchild*, 815 F.3d at 964. However, the court does not find *Fairchild* analogous to the present situation, because a computer usage report would require an investigation of computer records by the company and does not lend itself to easy monitoring, whereas an e-mail sent directly to a supervisor can be monitored easily. But, the Fifth Circuit has also held that sending an e-mail off-the-clock can be a *de minimus* activity, which is not entitled to overtime compensation. *Von Friewalde*, 339 F. App'x at 459. Therefore, the court finds that Tarver's receipt of after-hours e-mails are not sufficient to create a dispute of material fact that Cameron should have known Johnson was working overtime.

Johnson also argues that Tarver should have known that he was working overtime because she saw him at the office on the days that he initiated after-hours communications. Dkt. 15 at 6. Here, Tarver did not monitor how many hours Johnson worked, and their work days did not directly overlap. Dkt. 14, Ex. A at 72; Ex. B at 9–14, 30. Johnson testified that, in general, he was expected to be in the office during normal business hours, but that it was not a rigidly set schedule. Dkt. 14, Ex. A at 7–8. Therefore, the court finds that Johnson has not presented evidence to establish a dispute of material fact over whether Tarver could have inferred that Johnson was working overtime by monitoring Johnson's presence at the office. *See, e.g.*, *Newton*, 47 F.3d at 748 (rejecting the notion that a supervisor "should have known" that evening and weekend hours were overtime hours because of flexible work time policies).

The court concludes that Johnson failed to establish a dispute of material fact over whether Cameron had constructive knowledge of any of his alleged overtime hours. Because Johnson failed to notify Cameron of his overtime hours and Johnson failed to establish that Cameron had constructive knowledge of his overtime hours, Cameron's failure to pay for overtime hours is not

a violation of the FLSA.  *Newton*, 47 F.3d at 748.  Cameron's motion for summary judgment (Dkt. 14) is GRANTED.

## IV. CONCLUSION

Cameron's objections (Dkt. 17) are OVERRULED IN PART and SUSTAINED IN PART as described herein.

Cameron's motion for summary judgment is GRANTED (Dkt. 14).  Johnson's claim is DISMISSED WITH PREJUDICE.

Signed at Houston, Texas on August 24, 2017.

_____
Gray H. Miller
United States District Judge